IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT DONALD GROH                                                                    PLAINTIFF

V.                                           NO. 14-5033

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robert Donald Groh, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on July 28, 2011, alleging disability since November 27, 2007, due to a crushed hand, bad hip, knee problems, and the fact that he cannot read or write. (Tr. 109-110, 111-117, 158, 162). An administrative hearing was held on August 6, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 25-45).

By written decision dated September 13, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - mild mental retardation and personality disorder not otherwise specified (NOS) with antisocial traits.

(Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to work involving simple, routine, and repetitive tasks, requiring only simple, work-related decision, with few, if any workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

(Tr. 14). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was not capable of performing any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as machine packer and industrial cleaner. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on November 21, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the

national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

The ALJ found that one of Plaintiff's severe impairments was mild mental retardation. (Tr. 12).  Further, it does not appear to be disputed that Plaintiff is unable to read or write. This was confirmed by a statement dated August 7, 2012, from one of Plaintiff's friends, Brenda Vashe, who indicated that Plaintiff was unable to read, write, or spell, and that she had to help him fill out his paperwork. (Tr. 16, 208).  Nevertheless, in his RFC Assessment, the ALJ did not include any limitations regarding Plaintiff's inability to read or write. (Tr. 14). In addition, the ALJ did not include any limitations regarding Plaintiff's inability to read or write in the hypothetical question he posed to the VE. (Tr. 43). This causes the Court concern, as the jobs the ALJ found Plaintiff would be able to perform require the following: 1) Machine Packager - read at a rate of 95-120 words per minute, and print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses; 2) Industrial Cleaner - read at a rate of 190-215 words per minute, and write compound and complex sentences, using cursive style, proper and puncuation[sic], and employing adjectives and adverbs. Dictionary of Occupational Titles §§ 920.685-078 and 381.687-018.  This fact alone requires the Court to remand this matter to the ALJ in order for him to properly consider Plaintiff's inability to read and write in his RFC assessment as well as the hypothetical he poses to the VE.

In addition, Plaintiff testified at the hearing that he had lost grip strength in his left hand,

AO72A
(Rev. 8/82)

that he had problems with fine manipulation with his fingers, that it hurt to reach overhead or at shoulder level, and that he could not hold up his arms for a long period of time. There were previous injuries sustained by Plaintiff which related to these complaints, and since this matter is being remanded, the Court also directs the ALJ to obtain a Physical RFC Assessment from an examining physician, in order to determine whether Plaintiff suffers from any severe physical impairment and if so, to determine his ability to function in the workplace.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 12th day of January, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE